UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80171-Cr-Hurley/Vitunac (S)(S)(S)

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

DANIEL TROYA,

   Defendant.
_____/

FILED by ___ D.C.
JUN 2 4 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before the Court on general Order of Reference from United States District Judge Daniel T.K. Hurley for disposition of all pending pretrial criminal motions. Pending before the Court is Defendant's Motion Challenging The Special Administrative Measures Imposed On Defendant, Daniel Troya And Motion to Normalize-Restore Defendant's Attorney-Client Communications And Troya's Family Visitation And Letter Writing Privileges (DE 341), filed on April 22, 2008. The Government filed its Response (DE 346) on May 6, 2008. The Court held a hearing on June 12, 2008. This matter is now ripe for review.

## BACKGROUND

The Defendant is charged by third superseding indictment with the following: count 1 - conspiracy to possess with intent to distribute, 50+ grams of crack cocaine and 5 kilos of cocaine powder, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and 841(b)(1)(B); counts 2, 4, 11 - possession with intent to distribute, 500+ grams of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2; counts 3 and 14 - felon in possession of a firearm, in violation of 18 U.S.C. 922§(g); count 5 - conspiracy to commit carjacking, in violation of 18 U.S.C. § 371; count 6 - armed carjacking resulting in death, in violation of 18

U.S.C. § 2119(3); counts 7 through 10 - using a firearm in relation to a crime of violence, that is a drug conspiracy and armed carjacking, and in the course of this violation causing the death of a person through the use of a firearm, which killing is murder as defined in 18 U.S.C. § 1111, in the perpetration of, or attempt to perpetrate a robbery, in violation of 18 U.S.C. §§ 924(j)(1) and 2; counts 12 and 15 - use of a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c); count 13 - possession with intent to distribute 50+ grams of crack cocaine and 500+ grams of cocaine powder, in violation of 21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B); count 16 - possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d).

In April 2008, Attorney General Michael B. Mukasey ordered that Special Administrative Measures ("SAM") govern the confinement of Defendant Troya pursuant to 28 C.F.R. § 501.3 (DE 346 Sealed Exhibit B). The SAM restrictions limit contact and communication between the Defendant and other persons based upon a finding made by the Attorney General that such communication or contact could result in death or serious bodily injury to persons and potential witnesses. (DE 346 Sealed Exhibit B).

DEFENDANT'S WRITTEN MOTION

Defendant Troya moves the Court to modify and/or remove the Special Administrative Measures that govern the conditions of his confinement to: (1) normalize his attorney-client communication; and (2) restore his full visitation and mail privileges. Additionally, Defendant asks the Court to direct the Government to divulge the allegations which justify the imposition of the restrictions. Defendant argues that the SAM restrictions violate his right to effective representation of counsel, and, his due process right to prepare his defense. Defendant further argues that the conditions of his detention "violate his Sixth Amendment right against

cruel and unusual punishment."

Defendant argues that the SAM conditions are unduly restrictive because: (1) they require that only defense counsel (and not staff) may disseminate the contents of Troya's communications to third parties for the sole purpose of preparing his defense; (2) documents to be reviewed by counsel with Defendant during a visit must be previously cleared with the Bureau of Prisons; (3) Defendant's mail, or any portion thereof, may not be disseminated by defense counsel to third parties; (4) Defendant's legal communications are limited to one letter (3 pages) a week to his lawyer, phone calls to his lawyer must be approved in advance, legal mail to Defendant is subject to a two-week hold, and non-legal mail is limited to his immediate family; (5) Defendant's non-legal contacts are limited to one phone call per week to immediate family, one letter per week (3 pages) to immediate family, non-legal mail is subject to a sixty day hold, and visitation privileges are limited to one visit per week by an "adult family member" subject to two-week pre-approval.

## GOVERNMENT'S RESPONSE

The Government maintains that the Court should deny Defendant's Motion because it lacks jurisdiction to consider Defendant's challenge as he has failed to exhaust available administrative remedies before seeking relief in federal court. The Government argues that the administrative remedy "hurdle to jurisdiction is founded in both federal statute and common law." To Defendant's constitutional challenges to the SAM restrictions, the Government maintains that: (1) the SAM conditions are not imposed solely because the Defendant is indicted for a death-eligible offense; (2) the Attorney General has made a finding that the SAM is necessary based on Defendant's "proclivity to violence"; (3) the rationale for imposing the SAM "rests upon conduct while Troya was incarcerated that poses a significant risk to the safety and well-being of third parties, including witnesses"; and (4)

the SAM restrictions are reasonable to prevent the "possibility of violence against others committed at the behest of Troya." The Government acknowledges that the SAM restrictions "unquestionably place a greater burden upon all parties." Finally, the Government argues that "these burdens are necessitated" by the Defendant's "own conduct" and status as a high security inmate for whom the Attorney General has made a finding of "proclivity for violence."

## JUNE 12, 2008 HEARING

James L. Eisenberg and Ruben Maurice Garcia, counsel for Defendant Daniel Troya, and, Assistant United States Attorneys Stephen Carlton and John S. Kastrenakes for the Government, appeared before the Court on June 12, 2008 to argue the merits of the instant Motion. Mr. Eisenberg argues that because the Defendant is facing the death penalty he need not exhaust administrative remedies before challenging SAM restrictions. In support of this content, Eisenberg submitted to the Court two cases, United States v. Lorenzo Catalan-Roman, 329 F.Supp. 2d 240 (D. Puerto Rico 2004) and United States v. Carlos Ayala Lopez, 327 F. Supp. 2d 138 (D. Puerto Rico 2004). Mr. Garcia argues that the SAM conditions place severe restrictions upon Defendant's ability to communicate with defense counsel and his immediate family. Garcia acknowledged that Defendant has not pursued his available administrative remedies before seeking redress in this Court.

The Government submits that the Defendant must exhaust his administrative remedies before seeking judicial relief in this Court. Additionally, Assistant United States Attorney Stephen Carlton argues that the two District of Puerto Rico cases upon which Defendant relies to defeat his obligation to exhaust administrative remedies apply only when the sole basis for the SAM restrictions is indictment for a death penalty offense. The Government maintains that the basis for the SAM restrictions is a finding by the Attorney General that Defendant has a proclivity to violence which poses a significant risk to the

4

safety of others.

## DISCUSSION

In this case, the threshold issue is whether the Court has jurisdiction over Defendant's challenge to the Special Administrative Measures ("SAM") which were imposed at the request of the Attorney General to govern the conditions of his confinement when Defendant has not exhausted available administrative remedies before seeking relief in federal court. Defendant's instant Motion appears to challenge the constitutionality of the SAM restrictions based on conditions of his confinement.

## JURISDICTION

Federal regulations provide an avenue for the Defendant to challenge the SAM restrictions imposed by the Attorney General. Bureau of Prison regulations state "[t]he affected inmate may seek review of any special restrictions imposed in accordance with paragraph (a) of this section through the Administrative Remedy Program, 28 CFR part 542." 28 C.F.R. § 501.3(e). The Bureau of Prisons Administrative Remedy Program is a three-tiered process through which an inmate may seek review of any issue relating to his incarceration. See 28 C.F.R. §§ 542.14 -.15. The first step in the administrative review process requires an inmate to file form # BP-9 (Bureau of Prisons) for an informal resolution of the matter at the institutional level. If the Defendant is not satisfied with the Warden's response to his initial filing he may submit an Appeal (step two) using form # BP-10 to the Regional Director within 20 days of the Warden's signed response. 28 C.F.R. § 542.15. If the Defendant is not satisfied with the Regional Director's response he may submit an Appeal (step three) using form # BP- 11 to the Central Office General Counsel within 30 days of the Regional Director's response. 28 C.F.R. § 542.15 (a).

Under the Prison Litigation Reform Act "[n]o action shall be brought with respect to

prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997(e)(1996). An inmate must exhaust the available administrative remedies before challenging SAM restrictions in federal court, unless the sole basis for the SAM restrictions is indictment for a death penalty offense. See Yousef v. Reno, 254 F.3d 1214, 1222 (10 th Cir. 2001); United States v. Ali, 2008 WL 2315664 (4 th Cir. 2008); Al-Owhali v. Ashcroft, 279 F. Supp. 2d 13, 17 n.5 (D.D.C. 2003); But see United States v. Catalan, 329 F. Supp. 2d 240 (D. Puerto Rico 2004); United States v. Lopez, 327 F. Supp. 2d 138 (D. Puerto Rico 2004).

In Booth, the Supreme Court holds that "Congress has mandated exhaustion clearly enough" with respect to a prisoner's obligation to exhaust administrative remedies before seeking relief in court. Booth v. Churner, 532 U.S. 731, 734-735 (2001). The Eleventh Circuit has summarized the rationale for requiring exhaustion of administrative remedies as set forth below:

> 1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

Porter v. Schweiker, 692 F.2d 740, 742 (11 th Cir. 1982).

In the present case, Defendant has acknowledged that he has not undertaken any of the administrative remedies available to him to challenge the SAM restrictions that govern

6

the conditions of his confinement.[1] This Court finds that Defendant's reliance on that <u>United States v. Lorenzo Catalan-Roman</u>, 329 F.Supp. 2d 240 (D. Puerto Rico 2004) and <u>United States v. Carlos Ayala Lopez</u>, 327 F. Supp. 2d 138 (D. Puerto Rico 2004) to demonstrate that a defendant facing the death penalty need not exhaust administrative remedies before challenging SAM restrictions is misplaced. Both these cases from the District of Puerto Rico are factually similar. They involve the automatic placement of defendants in "administrative detention" simply because they are certified as death penalty eligible. <u>Lorenzo Catalan-Roman</u>, 329 F. Supp. 2d at 246. Here, the Government has informed Defendant that the SAM restrictions were imposed upon a finding by the Attorney General that the Defendant has a "proclivity to violence which poses a significant risk to the safety of others." The Government further states that "[b]ased upon factual information provided to the Attorney General, the rationale for imposing the Special Administrative Measures rests upon conduct while Troya was incarcerated that poses a significant risk to the safety and well-being of third parties, including potential witnesses."

On May 12, 2008, the Court Ordered (DE 352) the Government to submit to the Court, *ex parte,* "the precise factual basis for the implementation of the SAM restrictions upon Defendant Troya." The Government complied with the Court's order immediately by supplying *ex parte* the unredacted Memorandum from the Attorney General implementing Special Administrative Measures to govern the conditions of Defendant's confinement.[2] Upon review of the *ex parte* material, the Court is satisfied that the SAM restrictions were imposed

---

[1] The Court notes that the Government's Response states that "to a large extent the FDC has already taken internal measures in addressing the defendant's complaints."

[2] The Government states in its Response that it has provided the Defendant with a redacted copy of the "2008 SAM restriction."

7

upon Defendant's conditions of confinement based on factual findings by the Attorney General concerning the Defendant's "proclivity to violence which poses a significant risk to the safety of others." The Court finds that the SAM restrictions were not imposed on the Defendant merely because he is charged with a death eligible offense.

Furthermore, the Court finds that until Defendant has exhausted his available administrative remedies this Court is jurisdictionally barred from adjudicating Defendant's claim. Yousef, 254 F.3d at 1222. The rationale in support of the exhaustion requirement is considerable. The Bureau of Prisons has in place a three tier process for Defendant to administratively challenge the conditions of his confinement. This process allows the administrative agency to resolve matters using their expertise. Porter, 692 F.2d at 742. It remains uncontested that modifications to Defendant's SAM conditions were made at the local level. The appointment of a "Chinese Wall" prosecutor and agent to coordinate with defense counsel exemplify the efforts made at the local level. Furthermore, the administrative process develops the necessary factual background upon which decisions should be based. Id.

The Court finds that because Defendant has not exhausted his available administrative remedies his constitutional challenges to the SAM restrictions are not ripe for consideration. See United States v. Ahmed Omar Abu Ali, 2008 WL 2315664 (4 th Cir. June 6, 2008). Defendant alleges the SAM restrictions constitute "cruel and unusual punishment"[3] and violate his right to effective representation of counsel, and, his due process right to

---

[3] Defendant alleges the conditions of his confinement "violate his Sixth Amendment right against cruel and unusual punishment." The prohibition against cruel and unusual punishment is found in the Eighth Amendment to the United States Constitution. The Eight Amendment states "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment applies to sentenced prisoners.

prepare his defense. However, Defendant fails to support his constitutional allegations with fact and law. Such infirmity reinforces the importance of exhausting available administrative procedure before seeking redress in court. Accordingly, it is hereby

ORDERED that Defendant's Motion Challenging The Special Administrative Measures Imposed On Defendant, Daniel Troya And Motion to Normalize-Restore Defendant's Attorney-Client Communications And Troya's Family Visitation And Letter Writing Privileges (DE 341) is DENIED without prejudice for Defendant to seek judicial relief after he has exhausted his available administrative remedies.

DONE AND ORDERED in Chambers in West Palm Beach in the Southern District of Florida, this 24 day of June, 2008.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Daniel T. K. Hurley
All counsel of record