UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80171-Cr-Hurley/Vitunac (s)(s)(s)

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DANIEL TROYA,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on general Order of Reference from United States District Judge Daniel T. K. Hurley for disposition of all pending pretrial criminal motions. Pending before the Court is Defendant Daniel Troya's Motion to Suppress Evidence (DE 452), filed on August 22, 2008. The Government filed its Response on August 27, 2008 (DE 460). The Court heard argument on September 9, 2008 (DE 472). This matter is ripe for review.

## BACKGROUND

The Defendant is charged by Third Superseding Indictment (DE 305) with the following: count 1 - conspiracy to possess with intent to distribute, 50+ grams of crack cocaine and 5 kilos of cocaine powder, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and (b)(1)(B); counts 3 and 14 - felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); count 5 - conspiracy to commit carjacking, in violation of 18 U.S.C. § 371; count 6 - armed carjacking resulting in death, in violation of 18 U.S.C. § 2119(3); counts 7 through 10 - using a firearm in relation to a crime of violence, that is a drug conspiracy and armed

carjacking, and in the course of this violation causing the death of a person through the use of a firearm, which killing is murder as defined in 18 U.S.C. § 1111, in the perpetration of, or attempt to perpetrate a robbery, in violation of 18 U.S.C. §§ 924(j)(1) and 2; count 13 - possession with intent to distribute 50+ grams of crack and 500+ grams of cocaine powder, in violation of 21 U.S.C. § 841(a)(1), and (b)(1)(A) - (b)(1)(B); and count 15 - use of a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On February 2, 2008, the Government notified Defendant that it will seek the death penalty in the event of his conviction for the offenses charged in counts six through ten of the Third Superseding Indictment. (DE 311).

Co-Defendant Danny Varela filed a motion to suppress (DE 345) the fruits of two searches by law enforcement of the private residence described as 6458 Garden Court, West Palm Beach. The searches were executed pursuant to two State of Florida search warrants. Varela challenged the search warrants as unsupported by probable cause. Defendant adopted Varela's challenge to the search warrants. (DE 414). In support of his standing to adopt Varela's motion Defendant alleged that he "resided at the residence at 6458 Garden Court." (DE 414:2). At the August 14, 2008 hearing on Varela's motion, Defendant raised for the first time, a challenge to the search of his "rented" bedroom at the Garden Court residence based upon his individual separate privacy expectation.(DE 444). The Court granted Defendant's request to file the instant Motion as to this discrete issue.

## DEFENDANT'S WRITTEN MOTION

The Defendant moves the Court to suppress all physical evidence seized by law enforcement from his "rented" bedroom at 6458 Garden Court, West Palm Beach, Florida, ("Garden Court") during the execution of a State of Florida search warrant on October 25,

2006.[1]  Defendant argues the search of his bedroom was a "warrantless and illegal search." Defendant states "that he is not claiming that the 'persons or things to be seized' were inadequately described or that there was no probable cause to believe that those things might be found in the 'place to be search [sic],' that is, the portions of the home occupied by Danny Varela, as it was described in the warrant." Defendant argues that his "specific dispute is with the general search of his rented room" within the Garden Court residence.

To support this argument, Defendant alleges that law enforcement "knew or should have known that there were separate areas of the home occupied by several separate unrelated individuals." According to the Defendant, this knowledge "obligated" law enforcement to "exclude" the Defendant's room from the scope of the warrant. The Defendant argues that the "multi-occupancy" character of the home required law enforcement to "draw the application for the warrant with sufficient specificity in order to withstand Fourth Amendment scrutiny." Defendant states that the "warrant was issued based on the information provided at the time in the affidavit and application for the search warrant which made no mention of anyone residing at the home other than Danny Varela." Defendant argues that the search of his "private room" within the Garden Court residence violated his right to be secure in his own home.

## GOVERNMENT'S RESPONSE

As a preliminary matter, the Government states that "[i]t is the defendant's burden to go forward and establish by competent evidence the existence of a separate expectation

---

[1] This case involves two separate State of Florida search warrants issued for the premises identified as 6458 Garden Court, West Palm Beach, Florida. The search warrants were signed on October 25, 2006 and November 4, 2006 respectively. Defendant's instant Motion challenges only the first search warrant signed by the Honorable Paul Moyle on October 25, 2006. (DE 452:1).

3

of privacy" as to his bedroom in the Garden Court residence. The Government contends that the search of the entire residence at Garden Court was a lawful search pursuant to a valid search warrant. The Government submits that the Garden Court residence is a single family dwelling. As such, the Government argues that "[t]he permissible scope of the search extended to the entire residence; the scope was not limited by the possibility that separate occupants may have lived at the residence."

The Government submits that even if the affidavit contained "insufficient probable cause for a separate and distinct expectation of privacy established by Troya as to his bedroom, the search agents reasonably relied upon a facially valid search warrant, and the 'good faith' exception to the exclusionary rule bars the suppression of the evidence seized." The Government requests that Defendant's Motion to Suppress Evidence be denied.

## THE SEARCH WARRANT

Defendant's instant Motion challenges a search warrant issued by the Honorable Paul Moyle, Circuit Court Judge, Fifteenth Judicial Circuit, Palm Beach County, Florida on October 25, 2006. The affidavit underlying the search warrant was sworn to and subscribed by Detective Patrick Woodward, Palm Beach County Sheriff's Office, and Detective Fred D. Wilson, St. Lucie County Sheriff's Office ("Woodward-Wilson Affidavit"). The search warrant describes the premises to be searched as

> "6458 Garden Court, West Palm Beach, Florida to include the curtilage and any outbuildings, sheds or vehicles located there on.
>
> .
>
> .
>
> .
>
> The residence is a 1 story concrete block single family residence located on the left (east) side of the road. The residence has a barrel tile roof. The residence is beige in

4

>color with a white trim. The numerical 6458 is affixed to the trim above the 2 car garage door. The numbers are black in color. There is a fire hydrant in the front yard of the residence.

The search warrant grants permission to search for the following items within the premises described as Garden Court (including the curtilage, outbuildings, sheds or vehicles located there on):

>cocaine, paraphernalia, ledgers, documentation consist [sic] with the trafficking of illegal narcotics, blood, trace evidence, any and all information on vehicles, phone records, cellular telephones, firearms, weapons, ammunition, casings, projectiles, utility bills, employment records, credit cards, papers/receipts relating to 10-12-06 through 10-13-06, turnpike receipts, sunpass data, information regarding drug activity and drugs
>
>which is being kept and used in violation of the laws of the State of Florida, to wit: the laws prohibiting:
>
>Florida State Statute 893.13
>Florida State Statute 893.147
>Florida State Statute 782.04
>First Degree Murder

The Woodward-Wilson Affidavit sets forth with detail the events and circumstances linking the Defendant and co-Defendants Danny Varela and Richardo Sanchez to a quadruple homicide, and, to an on-going drug trafficking enterprise. The Woodward-Wilson Affidavit also links the Defendant, Varela, and Sanchez to the single family residence to be searched. The search warrant states

>"Beginning on October 21, 2006, investigators began a twenty-four hour surveillance of 6458 Garden Court, West Palm Beach, Florida. Since that time, on numerous occasions, Daniel Troya, Danny Varela, and Richardo Sanchez have been positively identified as residing at said residence, staying overnight on three consecutive nights."

5

## SEPTEMBER 9, 2009 HEARING

On September 9, 2008, the parties appeared before the Court for an evidentiary hearing, and, to argue the merits of the instant Motion. As to the issue of Defendant Troya's standing to contest the search of a particular bedroom within the Garden Court residence, Mr. Eisenberg, on behalf of Defendant, argued that Defendant does not bear the burden of establishing a separate expectation of privacy as to his individual bedroom within the Garden Court residence. Defendant argues that "objectively speaking" the Government was on notice that "three people, Sanchez, Troya, and Varela" resided at the Garden Court address. Defendant argued that because three individual men resided at the residence that each would "objectively" have his own room thus necessitating a separate search warrant for each bedroom.

The Government argues that Defendant confuses the generalized expectation of privacy as to the residence as a whole, with a separate expectation of privacy over a smaller part of the whole, that is, his separate bedroom within the residence. The Government maintains that it is the Defendant's burden to establish a specific expectation of privacy as to his separate bedroom. Further, the Government argues that there is no record evidence that the Defendant actually had such an expectation of privacy or that Defendant had an expectation of privacy that society is prepared to recognize as objectively reasonable. The Government submits that it is the Defendant's burden to put on competent evidence to establish a separate legitimate expectation of privacy as to his individual bedroom within the Garden Court residence.

## DISCUSSION

The issue before the Court is whether the search of Defendant's bedroom by law enforcement on October 25, 2006, pursuant to a search warrant authorizing the search of

the entire residence at 6458 Garden Court within which Defendant's bedroom is contained violated the Fourth Amendment.

The Court previously considered Defendants challenge to two searches of the Garden Court residence pursuant to State of Florida search warrants dated October 25, 2006 and November 4, 2006. (DE 48). The Court recommended that the District Court deny Defendants' requests to suppress evidence seized as a result of the two searches of the Garden Court residence. Id. The Court made a specific finding that the Woodward-Wilson Affidavit underlying the October 25, 2006 State of Florida search warrant provided ample probable cause to establish the probability that evidence of the crimes set forth in the search warrant would be found at the Garden Court residence. Id. The Court now considers Defendant Troya's separate challenge to the October 25, 2006 search warrant based upon his individual privacy interest in his alleged rented bedroom located within the Garden Court residence.

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment protects an individual in those places where he can demonstrate a reasonable expectation of privacy against government intrusion. See Katz v. United States, 389 U.S. 347, 353 ( 1967); United States v. Cooper, 203 F.3d 1279, 1283-84(11th 2000). The Fourth Amendment's protection against unreasonable searches and seizures extends only to those places and interests in which the defendant has a reasonable expectation of privacy. Rakas v. Illinois, 439 U.S. 128, 140-150 (1978). The threshold inquiry in a Fourth Amendment challenge is whether the challenger has a legitimate expectation of privacy in the invaded place. Id. A defendant may seek to exclude evidence seized as a result of an unconstitutional search or seizure only if the challenged search or seizure violated his own Fourth Amendment rights. Id. at 133-34.

The proponent of the motion to suppress, bears the burden of establishing that his own Fourth Amendment rights were violated by the challenged search. Id. at 130 n. 1, accord Rawlings v. Kentucky, 448 U.S. 98, 103-104 (1980). Moreover, the Government's challenge to a proponent's right to assert a fourth amendment claim puts the proponent on notice that he "was to be put to his proof on any issue as to which he has the burden." Id.

The accused bears the burden of demonstrating a legitimate expectation of privacy in the area searched. See United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir.1998) (holding that the individual challenging the search has the burden of both proof and persuasion). If the accused successfully establishes an expectation of privacy, the burden then shifts to the government to prove that the search was reasonable based upon a recognized exception to the warrant requirement. United States v. Bachner, 706 F.2d 1121, 1125-26 (11th Cir.1983). "A legitimate expectation of privacy [must] be proven by factors beyond mere possession, such as a right to exclude or a right to privacy." United States v. Espinosa-Orlando, 704 F.2d 507, 512 (11th Cir.1983) (citing Rakas v. Illinois, 439 U.S. at 143-44 & n. 12). "[A] motion to suppress must in every critical respect, including allegations of standing, be 'sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented.'" United States v. Eyster, 948 F.2d 1196, 1208-1209 (11th Cir. 1991) (quoting United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir.); see also United States v. Ford, 34 F.3d 992, 994 (11th Cir. 1994).

In the present case, the Court finds that Defendant fails to meet his burden of establishing standing to contest the October 25, 2006 search of his alleged rented bedroom at the Garden Court residence for the following reasons. First, Defendant makes no factual showing in support of his allegation that he has "a legitimate expectation of privacy" in the bedroom he "rents" at the Garden Court residence. Defendant did not testify

8

nor did he call any witnesses. Defendant alleges in argument that he rents a bedroom at the Garden Court residence but fails to even identify which bedroom within the residence he allegedly rents. Moreover, Defendant fails to demonstrate how his alleged rights as a tenant, renting a bedroom, at the Garden Court residence are created. Defendant does not state "who" he pays rent to, or, if he pays rent at all, for his "rented" bedroom at the Garden Court residence. Defendant does not demonstrate when his alleged rental term for the bedroom began. Defendant does not define the scope of his rental agreement for the bedroom involved. For example - Defendant does not state that there is a separate door to his alleged bedroom, or a locked door to his bedroom, or a sign on a door that indicates a certain space is his bedroom. Instead, Defendant merely argues he has certain privacy rights without providing anything in support of his allegation.

Second, again in argument, Defendant characterizes the Garden Court residence as a multi-occupancy premise. However, Defendant fails to support this mere allegation with even a scintilla of fact. Accordingly, Defendant fails to defeat the single family occupancy character of the Garden Court residence.

Third, allegation is not sufficient to establish the requisite legitimate expectation of privacy necessary to challenge a search. Again, Defendant did not testify. The Defendant did not produce any witnesses to testify that he rented a bedroom at the Garden Court residence. The Defendant did not produce any evidence, such as canceled checks, leases, rental receipts, to support his allegation that he rented a bedroom in the residence. Defendant did not file an affidavit in support of his allegations. Defendant's instant Motion does not provide any specificity as to the existence of any type of rental agreement by which he occupies a private bedroom. Simply put, Defendant provided absolutely nothing in support of his allegation that he rented a bedroom within the residence, to support his

expectation of privacy as to his privately rented bedroom.

Under these circumstances, the Court finds that as a matter of law, the Defendant has no standing to challenge the October 25, 2006 search by law enforcement pursuant to a State of Florida search warrant of an individual bedroom within the Garden Court residence. Accordingly, the Court rejects Defendant's argument that items seized pursuant to the execution of a State of Florida search warrant, as described in Defendant's Exhibit A, must be suppressed.

Defendant Troya was advised of his right to testify by the Court and he declined.

## RECOMMENDATION

For the reasons stated above, this Court recommends to the District Court that the Defendant's Motion to Suppress Evidence (DE 452) be DENIED.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T. K. Hurley, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this _____ 2 _____ day of October 2008.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Daniel T. K. Hurley
All counsel of record